IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MELVIN D. WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-3093 |
| | ) | |
| NEIL WILLIAMSON, Sheriff, | ) | |
| Sangamon County, and | ) | |
| UNKNOWN CORRECTIONAL | ) | |
| OFFICERS OF THE SHERIFF'S | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

This cause is before the Court on the Motion for Judgment on the Pleadings Pursuant to FRCP 12(c) filed by Defendant Neil Williamson, Sheriff of Sangamon County. See d/e 6 (the Motion). For the reasons stated below, Defendant's Motion is DENIED.

## I. BACKGROUND

In March 2008, Plaintiff, Melvin D. Watson, filed a Complaint (the original Complaint) pursuant to 42 U.S.C. § 1983 against

Defendant Williamson and unknown correctional officers of the Sheriff's Department (Case No. 08-3070). In Count I, Plaintiff alleged that on July 11, 2006, he was incarcerated in the Sangamon County Jail and assaulted by five unknown inmates. According to Plaintiff, the unknown Defendant correctional officers failed to prevent Plaintiff from being physically attacked when they knew, or should have known, the attack was "impending." Plaintiff further alleged that the unknown correctional officers and Defendant Williamson demonstrated deliberate indifference to Plaintiff's safety in that they failed to maintain surveillance cameras, failed to maintain adequate supervision, and failed to prevent the attack. In Count II, Plaintiff sought punitive damages.

In September 2008, Defendant Williamson filed a motion to dismiss Count II and answered Count I. In April 2009, the Court dismissed Count II.

On April 6, 2010, Defendant filed a Motion to Dismiss for Want of Prosecution. That same day, Plaintiff filed a Motion to Voluntarily Dismiss Without Prejudice. On April 12, 2010, the Court granted

Plaintiff's Motion to Voluntarily Dismiss and denied as moot Defendant's Motion to Dismiss for Want of Prosecution.

On April 7, 2011, Plaintiff refiled the Complaint (the refiled Complaint) against Defendant Williamson and unknown correctional officers of the Sheriff's Department for the injuries Plaintiff suffered in July 2006 (Case No. 11-3093). In Count I, brought pursuant to § 1983, Plaintiff alleged that Defendant Williamson, acting in his official capacity, "engendered and promulgated a policy of deliberate indifference to avoiding harm and damages to inmates under his care, supervision, custody, and control." In Count II, titled "Assault and Battery," Plaintiff alleged Defendants permitted Plaintiff to be assaulted when they knew, or should have known, the assault and injuries would take place.

On July 6, 2011, Defendant Williamson filed a Motion for Judgment on the Pleadings Pursuant to Rule 12(c), asserting that the statute of limitations has run. Plaintiff has filed a response.

## II. JURISDICTION AND VENUE

Plaintiff brought a civil rights action pursuant to §1983, and this Court has jurisdiction over those claims pursuant to 28 U.S.C. § 1331. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Venue is proper because the events giving rise to the claim occurred in Springfield, Illinois. See 28 U.S.C. § 1391(b) (a civil action where jurisdiction is not founded solely on diversity of citizenship may be brought in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred).

### III. LEGAL STANDARD

Defendant brings his Motion pursuant to Federal Rule of Civil Procedure 12(c), which provides that a party may move for judgment on the pleadings "[a]fter the pleadings are closed." Because Defendant has not filed an Answer in this lawsuit–Case No. 11-3093–the Motion is premature. See Moss v. Martin, 473 F.3d 694, 698 (7th Cir. 2007). Therefore, this Court will construe the Motion as a motion to dismiss under Rule 12(b)(6). See Bitner v. Securitas Security Services, USA,

Inc., 2011 WL 1100539, *2 (C.D. Ill. 2011) (also noting that the same legal standard applies under Rule 12(c) and Rule 12(b)(6)), <u>report and recommendation adopted</u> by 2011 WL 1044382 (C. D. Ill. 2011).

Under Rule 12(b)(6), dismissal is proper where a complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). To state a claim upon which relief can be granted, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). That statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. <u>Tamayo v. Blagojevich</u>, 526 F.3d 1074, 1081 (7th Cir. 2008); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929, 940 (2007).

## IV. ANALYSIS

Defendant requests that Plaintiff's cause of action be dismissed with prejudice for failure to comply with the statute of limitations. Defendant asserts the incident on which Plaintiff bases his claim occurred on July 11, 2006. Defendant argues that "any suggestion by the plaintiff

that the voluntary dismissal in 2010 tolls the original statute of limitations is unfounded."

Generally, the running of the statute of limitation is an affirmative defense. Rylewicz v. Beaton Serv., Ltd., 698 F.Supp. 1391, 1398 (N.D. Ill. 1988), aff'd 888 F.2d 1175 (7th Cir. 1989). "[C]omplaints do not have to anticipate affirmative defenses to survive a motion to dismiss." United States v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005); Hollander v. Brown, 457 F.3d 688, 691 n.1 (2006) ("a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense"). A plaintiff may, however, plead itself out of court by "alleging facts that are sufficient to establish the defense." Hollander, 457 F.3d at 691 n.1.

Because Plaintiff alleged facts sufficient to establish the defense as it relates to the § 1983 claim, this Court will consider whether Plaintiff's § 1983 claim is barred by the statute of limitations. However, dismissal of Count II on statute of limitations grounds would be premature.

A. Count I: § 1983 Claim

"Section 1983 does not contain an express statute of limitations, so federal courts adopt the forum state's statute of limitations for personal injury claims." Johnson v. Rivera, 272 F.3d 519, 521 (7th Cir. 2001). The federal courts also adopt the State's corresponding tolling and savings provisions. See Jenkins v. Village of Maywood, 506 F.3d 622, 624 7th Cir. 2007) (tolling provisions); Dunmars v. City of Chicago, 22 F.Supp.2d 777, 781 (N.D.Ill. 1998) (savings provisions).

The statute of limitations in Illinois for personal injury claims is two years. 735 ILCS 5/13-202. Therefore, unless a tolling or savings provision applies, the statute of limitations for Plaintiff's § 1983 claim expired July 11, 2008.

The tolling or savings[1] provisions set forth in § 13-217 of the Illinois Code of Civil Procedure provides that a plaintiff who voluntarily dismisses his claim can refile the claim within the greater of one year or the remaining period of limitations:

> [if] the action is voluntarily dismissed by the

---

[1] Courts refer to §13-217 both as a savings provision and as a tolling provision.

> plaintiff . . . then, whether or not the time limitation for bringing such action expire during the pendency of such action, the plaintiff . . . may commence a new action within one year or within the remaining time period of limitation, whichever is greater, . . . after the action is voluntarily dismissed by the plaintiff.

735 ILCS 5/13-217 (West 1994); see Hudson v. City of Chicago, 228 Ill. 2d 462, 469 n.1 (2008) (the version of section 13-217 in effect is the version that preceded the amendments of Public Act 89-7, which the Illinois Supreme Court found unconstitutional in its entirety in Best v. Taylor Machine Works, 179 Ill. 2d 367, (1997)). This savings provision applies in § 1983 actions filed in federal court. Jenkins, 506 F.3d at 624 (applying the tolling period set by section 13-217 to a § 1983 action refiled in federal court); Ill v. Roland, 812 F.Supp. 855, 860 (N.D. Ill. 1993) (applying §13-217 savings provision to a § 1983 action refiled in federal court).

Therefore, the issue here is the date on which Plaintiff's voluntary dismissal of his original action was effective. If Plaintiff's voluntary dismissal was effective when he filed the Motion to Voluntarily Dismiss

Without Prejudice on April 6, 2010, then the refiled Complaint Plaintiff filed on April 7, 2011, is untimely. If, however, the voluntary dismissal became effective on April 12, 2010, when the Court entered the order granting the Motion to Voluntarily Dismiss, then the refiled Complaint is timely.

Even though this Court borrows the State's statute of limitations and tolling provisions in § 1983 cases, federal procedural rules govern the determination of when the action was voluntarily dismissed. Jenkins, 506 F.3d at 624. Federal Rule of Civil Procedure 41(a) provides for the voluntary dismissal of a lawsuit.

A plaintiff can voluntarily dismiss his lawsuit without a court order in two circumstances: (1) when the notice of dismissal is filed before the opposing party serves either an answer or a motion for summary judgment; or (2) when the plaintiff files a stipulation of dismissal signed by all parties who have appeared. See Fed.R.Civ.P. 41(a)(1)(A)(i), (a)(1)(A)(ii). In either of those two circumstances, the notice or stipulation of dismissal is effective immediately upon the filing of the

notice or stipulation. McCall-Bey v. Franzen, 777 F.2d 1178, 1185 (7th Cir. 1985) (finding the date the stipulation of dismissal was filed with the court was the date the dismissal took effect). With a Rule 41(a)(1) dismissal, no court order is needed to make the notice or stipulation effective. Nelson v. Chertoff, 2010 WL 1856192, *1 (N.D. Ill. 2010) ("the dismissal was pursuant to Rule 41(a)(1)(A), which does not require a court order to give effect to the dismissal"; also noting that the fact that the plaintiff styled the notice of dismissal as a motion did not change its character as a Rule 41(a)(1) voluntary dismissal).

If, however, Rule 41(a)(1) does not apply, a court order is needed before a plaintiff can voluntarily dismiss his lawsuit. Rule 41(a)(2) provides, in relevant part, as follows:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.

In the original lawsuit, Defendant had filed an Answer, and the parties did not file a stipulation of dismissal. See Fed.R.Civ.P. 41(a)(1).

Therefore, Rule 41(a)(1) did not apply, and Plaintiff needed a court order to voluntarily dismiss his Complaint.  See Fed.R.Civ.P. 41(a)(2). As such, Plaintiff's voluntary dismissal became effective when the Court entered the order granting the Motion to Voluntarily Dismiss Without Prejudice on April 12, 2010.  The refiled Complaint containing the § 1983 claim, filed April 7, 2011, was therefore timely because it was filed within one year of the voluntary dismissal without prejudice.

**B.  Count II: State Law Assault and Battery Claim**

In his Motion, Defendant Williamson asserted that the same two-year statute of limitations that governed personal injury actions governed the assault and battery claim.  Defendant Williamson argued that the refiled Complaint was filed beyond the statute of limitations and Rule 41 did not toll the statute of limitations.

Defendant Williamson thereafter filed a Reply in support of his Motion Complaint filed April 7, 2011, which this Court ordered stricken pursuant to Local Rule 7.1(B).  In the Reply, Defendant Williamson attempted to raise additional grounds for dismissing Count II, including

arguments that the applicable statute of limitations was one year and that equitable tolling does not apply. Because it is not clear from the pleadings that dismissal of Count II on statute of limitations grounds is appropriate, dismissal of Count II would be premature. See Reiser v. Residential Funding Corp., 380 F.3d 1027, 1030 (7th Cir. 2004) ("because the period of limitations is an affirmative defense it is rarely a good reason to dismiss under Rule 12(b)(6)").

## IV. CONCLUSION

For reasons stated above, Defendant's Motion for Judgment on the Pleadings Pursuant to FRCP 12(c) (d/e 6) is DENIED. Defendant shall answer or otherwise plead on or before August 22, 2011.

IT IS SO ORDERED.

ENTER: August 8, 2011

FOR THE COURT:          s/Sue E. Myerscough
                              SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE