## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| MELVIN D. WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      No.  11-3093 |
| | ) |
| NEIL WILLIAMSON, Sheriff, | ) |
| Sangamon County, and UNKNOWN | ) |
| CORRECTIONAL OFFICERS OF | ) |
| THE SHERIFF'S DEPARTMENT, | ) |
| LIEUTENANT KAIN, OFFICER | ) |
| FERROW, OFFICER PIPKIN, | ) |
| OFFICER GILLESPIE, OFFICER | ) |
| DOETSCH, OFFICER BENINATO, | ) |
| OFFICER JANS, OFFICER BELL, | ) |
| OFFICER BLUHM, and OFFICER | ) |
| PAONI, | ) |
| | ) |
| Defendants. | ) |

## <u>OPINION</u>

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on the Motion to Dismiss filed by

Defendants Alex Gillespie, Candace Cain, Brent Ferro, Chris Doetsch,

Thomas Pipkin, Joel Bluhm, and Jeremy Ball (d/e 65).  Because the

statute of limitations has run and the claims against these Defendants do

not relate back to the date of the original pleading, the Motion is GRANTED.

## I.  BACKGROUND

A.  <u>In March 2008, Plaintiff Files his Original Complaint</u>

In March 2008, Plaintiff, Melvin D. Watson, filed a Complaint pursuant to 42 U.S.C. § 1983 against Defendant Williamson and unknown correctional officers of the Sheriff's Department (Case No. 08-3070).  In Count I, Plaintiff alleged that on July 11, 2006, he was incarcerated in the Sangamon County Jail and assaulted by five unknown inmates.   According to Plaintiff, the unknown Defendant correctional officers failed to prevent Plaintiff from being physically attacked when they knew, or should have known, the attack was "impending."  Plaintiff further alleged that the unknown correctional officers and Defendant Williamson demonstrated deliberate indifference to Plaintiff's safety in that they failed to maintain surveillance cameras, failed to maintain adequate supervision, and failed to prevent the attack.  In Count II, Plaintiff sought punitive damages.

In September 2008, Defendant Williamson filed a motion to dismiss Count II and answered Count I.  In April 2009, the Court dismissed Count II.

On April 6, 2010, Defendant filed a Motion to Dismiss for Want of Prosecution.  That same day, Plaintiff filed a Motion to Voluntarily Dismiss Without Prejudice.  On April 12, 2010, the Court granted Plaintiff's Motion to Voluntarily Dismiss and denied as moot Defendant's Motion to Dismiss for Want of Prosecution.

B.    In April 2011, Plaintiff Files Current Lawsuit

On April 7, 2011, Plaintiff refiled the Complaint against Defendant Williamson and unknown correctional officers of the Sheriff's Department for the injuries Plaintiff suffered in July 2006 (Case No. 11-3093).  In Count I, brought pursuant to § 1983, Plaintiff alleged that the unknown Defendant correctional officers failed to prevent Plaintiff from being physically attacked by five other inmates when they knew, or should have known, that the attack was impending.  Plaintiff further alleges that Defendant Williamson, acting in his official capacity, "engendered and promulgated a policy of deliberate indifference to

avoiding harm and damages to inmates under his care, supervision, custody, and control."  In Count II, titled "Assault and Battery," Plaintiff alleged that the actions of Defendant Williamson and the unknown correctional officers permitted Plaintiff to be assaulted when they knew, or should have known, the assault and injuries would take place.

On July 6, 2011, Defendant Williamson filed a Motion for Judgment on the Pleadings Pursuant to Rule 12(c), asserting that the statute of limitations had run.  On August 9, 2011, this Court denied the Motion to Dismiss, finding that the refiled Complaint containing the § 1983 claim was timely because it was filed within one year of the order granting voluntary dismissal of the original action without prejudice (d/e 11).

In December 2012, Defendant Williamson filed a Motion for Summary Judgment (d/e 30).  On February 5, 2013, Plaintiff filed a Motion to Add Additional Defendants (d/e 37).  In his Motion, Plaintiff sought to add the following individuals: Lieutenant Kain, Officer Ferrow, Officer Pipkin, Officer Gillespie, Officer Doetsch, Officer Beninato, Officer Jans, Officer Ball, Officer Bluhm, and Officer Paoni.

In his Motion to Add Additional Defendants, Plaintiff asserted he had recently learned the identity of the correctional officers who were previously named as unknown defendants.  Plaintiff asserted that, pursuant to Federal Rule of Civil Procedure 15(c)(3), he should be allowed to add these additional defendants.   On February 27, 2013, this Court granted Plaintiff leave to amend the Complaint to add the additional defendants but expressly noted that the Court was not deciding whether the claims related back to the original pleading.  See February 27, 2013 Text Order.

On March 5, 2013, Plaintiff filed the Amended Complaint naming the additional defendants (d/e 40).  The Amended Complaint alleges that Defendants were deliberately indifferent to Plaintiff's safety.  No state law claims were asserted in the Amended Complaint.  The Amended Complaint also contains the official capacity claim against Defendant Williamson that was contained in the Complaint filed April 2011.

On April 24, 2013, Waivers of Service were executed for Defendants Gillespie, Cain, Ferro, Doetsch, Pipkin, Bluhm, and Ball.

The docket sheet does not reflect whether service has been effectuated on Defendants Beninato, Jans, or Paoni.

On April 24, 2013, Defendants Gillespie, Cain, Ferro, Doetsch, Pipkin, Bluhm, and Ball (hereinafter collectively referred to as Defendants) filed a Motion to Dismiss, asserting that, because the events allegedly occurred on July 11, 2006, Plaintiff's claims against them are brought outside the applicable two-year statute of limitations.

## II. LEGAL STANDARD

Under Rule 12(b)(6), dismissal is proper where a complaint fails to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  To state a claim upon which relief can be granted, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  That statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Generally, the running of the statute of limitation is an affirmative defense.  Rylewicz v. Beaton Serv., Ltd., 698 F.Supp. 1391, 1398 (N.D.

Ill. 1988), <u>aff'd</u> 888 F.2d 1175 (7th Cir. 1989).  "[C]omplaints do not

have to anticipate affirmative defenses to survive a motion to dismiss."

<u>United States v. Lewis</u>, 411 F.3d 838, 842 (7th Cir. 2005);  <u>Hollander v.</u>

<u>Brown</u>, 457 F.3d 688, 691 n.1 (2006) ("a federal complaint does not fail

to state a claim simply because it omits facts that would defeat a statute

of limitations defense").  A plaintiff may, however, plead himself out of

court by "alleging facts that are sufficient to establish the defense."

<u>Hollander</u>, 457 F.3d at 691 n.1.

### III.  ANALYSIS

Defendants move to dismiss on the ground that the claims against

them are brought outside the statute of limitations.  Defendants assert

that naming an "unknown defendant" does not toll the statute of

limitations against that defendant.

"Section 1983 does not contain an express statute of limitations, so

federal courts adopt the forum state's statute of limitations for personal

injury claims."  <u>Johnson v. Rivera</u>, 272 F.3d 519, 521 (7th Cir. 2001).

The statute of limitations in Illinois for personal injury claims is two

years.  735 ILCS 5/13-202.

In this case, Plaintiff complains of events that occurred on July 11, 2006.  Plaintiff did not seek leave to name Defendants Gillespie, Cain, Ferro, Doetsch, Pipkin, Bluhm, and Ball until February 5, 2013, well outside the statute of limitations.  See, e.g., Moore v. State of Indiana, 999 F.2d 1125, 1131 (7th Cir. 1999) (submission of a motion for leave to amend accompanied by a proposed amended complaint tolls the statute of limitations).

In response to the Motion to Dismiss, Plaintiff asserts that the claims in the Amended Complaint relate back to the original complaint pursuant to Federal Rule of Civil Procedure 15(c)[1].  Rule 15(c)(1)(C), which addresses the relation back of amendments, provides as follows:

> (1) When an Amendment Relates Back.  An amendment to a pleading relates back to the date of the original pleading when:

* * *

---

[1] Plaintiff cites Rule 15(c)(3).  However, Rule 15(c) was renumbered in 2007 without substantive change.  The language in the former Rule 15(c)(3) is now contained in Rule 15(c)(1)(C).  See Krupski v. Costa Crociere S.p.A., 130 S. Ct. 2485, 2495 n.4 (2010).

(c) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B)[2] is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. 15(c)(1)(C).

In the April 2011 Complaint, Plaintiff sued Defendant Williamson, in his official capacity, alleging he "engendered and promulgated a policy of deliberate indifference to avoiding harm and damages to inmates under his care, supervision, custody, and control."  Complaint, ¶ 5 (d/e 1).  Plaintiff also named as defendants Unknown Correctional Officers of the Sheriff's Department and alleged that they failed to prevent Plaintiff from being attacked by five other inmates when they knew, or should have known, that the attack was impending.  Complaint, ¶ 4 (d/e 1).

---

[2] Rule 15(c)(1)(B) provides that an amendment relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."

Plaintiff clearly sought to sue Defendant Williamson in his official capacity for his alleged policy of deliberate indifference.  Plaintiff also clearly sought to sue the individual defendants for their failure to prevent Plaintiff from being attacked, but he did not know their identities.

The Seventh Circuit has repeatedly held that a plaintiff's lack of knowledge about a defendant's identity is not a mistake within the meaning of Federal Rule of Civil Procedure 15(c).  See Hall v. Norfolk S. Ry. Co., 469 F.3d 590, 596 (7th Cir. 2006); Vance v. Rumsfeld, 701 F.3d 193, 211 (7th Cir. 2012) (Wood, J., concurring) (noting that the Seventh Circuit does "not permit relation back under Federal Rule of Civil Procedure 15(c)(1)(C) where the plaintiff simply does not know whom to sue"); Flournoy v. Schomig, 418 Fed. Appx. 528, 532 (7th Cir. 2011) (unpublished) (untimely amendment did not relate back to the date of the original complaint because the plaintiff did not make a mistake in naming the proper defendant; "he simply lacked knowledge of the proper defendants").  The Seventh Circuit has further held that "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under

Fed.R.Civ.P. 15." <u>Wudtke v. Davel</u>, 128 F.3d 1057, 1060 (7th Cir. 1997).

Although not mentioned by the parties, some courts have questioned whether the relatively recent Supreme Court decision in <u>Krupski v. Costa Crociere S.p.A.</u>, 130 S.Ct. 2485 (2010), changed the rule that a plaintiff's lack of knowledge about a defendant's identity is not a "mistake" under Rule 15(c). <u>See</u>, <u>e.g.</u>, <u>Todd v. Lake County Sheriff's Dep't</u>, 2013 WL 2156470, at *4 n.5 (N.D. Ind. May 17, 2013) (examining the issue but concluding that the Seventh Circuit has continued to apply the rule that a lack of knowledge about a defendant's identity is not a mistake under Rule 15(c)).

In <u>Krupski</u>, the plaintiff was injured on a cruise ship. Her ticket identified the carrier as "Costa Crociere S.P.A" (Costa Crociere) and identified "Costa Cruise Line N.V." (Costa Cruise) as the sales and marketing agent for the carrier and the issuer of the ticket. The plaintiff filed suit against Costa Cruise. After the limitation period expired, the plaintiff moved to amend her complaint to name Costa Crociere. The district court denied the motion on the ground that the plaintiff had not

made a mistake concerning the identity of the proper party because the

plaintiff knew of the identity of Costa Crociere before the statute of

limitations had run.  Krupski, 130 S. Ct. at 2492.  The Eleventh Circuit

affirmed, noting that because the ticket identified Costa Crociere as the

carrier, the plaintiff knew or should have known of Costa Crociere's

identity as a potential party, which made her decision not to sue Costa

Crociere a deliberate choice.  Id.

    The United States Supreme Court reversed.  The Supreme Court

held that it did not matter what the plaintiff knew or should have

known.  Instead, the focus was on whether Costa Crociere knew or

should have known that, but for the plaintiff's error, it would have been

named as a defendant.  Krupski, 130 S.Ct. at 2493.  The plaintiff's

complaint made it clear she was alleging negligence by the ship's owner

but mistakenly believed that Costa Cruise was that entity.  Krupski, 130

S. Ct. at 2497.

    This Court finds Krupski factually distinguishable from this case

because Plaintiff always intended to sue Defendant Williamson in his

official capacity and the individual officers in their individual capacity

but simply did not know their identity.  In contrast, the plaintiff in

Krupski sought to sue the company that "owned, operated, managed,

supervised, and controlled" the ship but mistakenly named the wrong

defendant.  Krupski, 130 S.Ct. at 2497.  Moreover, even after Krupski,

the Seventh Circuit has continued to hold that a plaintiff's lack of

knowledge of a defendant's identity is not a mistake under Rule 15(c).

See, e.g., Gomez v. Randle, 680 F.3d 859, 864 n.1 (7th Cir. 2012).

Plaintiff admits that the Seventh Circuit has held that a plaintiff's

lack of knowledge about a defendant's identity is not a mistake within

the meaning of Rule 15(c)(1)(C).  Plaintiff argues, however, that the

requirements of Rule 15(c)(1)(C) should be relaxed in this case pursuant

to the Seventh Circuit's decision in Donald v. Cook County Sheriff's

Dep't, 95 F.3d 548 (7th Cir. 1996) (reversing district court's denial of

the pro se prisoner plaintiff's motion to amend and remanding for a

determination of whether the individual defendants had notice of the

action).  However, in Donald, the Court found that the plaintiff

mistakenly named the sheriff's department and not the individual jailers,

believing that by suing the sheriff's department he was suing everyone

involved.  <u>Donald</u>, 95 F.3d at 557, 560.  The Court further noted that the plaintiff was incarcerated and proceeding pro se, which requires district courts to construe the complaints liberally, ensure a plaintiff's claims were given meaningful consideration, and assist a plaintiff who confronts barriers to identifying the proper defendants.  <u>Donald</u>, 95 F.3d at 555-56.

In contrast here, Plaintiff sued Defendant Williamson in his official capacity on the basis of an unconstitutional policy, not because Plaintiff believed that by suing Defendant Williamson he was suing everyone involved.  Therefore, unlike in <u>Donald</u>, Plaintiff has not shown that his failure to name these Defendants was a mistake under Rule 15(c)(1)(C).

Moreover, Plaintiff has been represented by counsel in this case since he filed the Complaint in this case (April 2011) and was represented by the same counsel when he filed the original lawsuit in March 2008 (Case No. 08-3070).  Consequently, the special consideration given to the pro se plaintiff in <u>Donald</u> need not be given here.  <u>See</u> <u>also</u> <u>Baskin v. City of Des Plaines</u>, 138 F.3d 701, 704 n.1 (7th Cir. 1998) (distinguishing <u>Donald</u>).

## IV.  CONCLUSION

For reasons stated above, the Motion to Dismiss filed by Defendants Alex Gillespie, Candace Cain, Brent Ferro, Chris Doetsch, Thomas Pipkin, Joel Bluhm, and Jeremy Ball (d/e 65) is GRANTED because the claims are barred by the statute of limitations.  The claims against Defendants Gillespie, Cain, Ferro, Doetsch, Pipkin, Bluhm, and Ball are DISMISSED WITH PREJUDICE.  The Court notes that Plaintiff has not yet served Defendants Beninato, Jans, or Paoni. Plaintiff shall file a status report identifying how Plaintiff wishes to proceed with regard to those three defendants on or before July 15, 2013.

ENTER: July 3, 2013

FOR THE COURT:


   s/Sue E Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE