IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MELVIN D. WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.  11-3093 |
| | ) |
| NEIL WILLIAMSON, Sheriff, | ) |
| Sangamon County, | ) |
| | ) |
| Defendant. | ) |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

This cause is before the Court on the Motion for Summary Judgment (d/e 72) filed by Defendant Neil Williamson, Sheriff of Sangamon County.  Because Plaintiff Melvin D. Watson has failed to point to evidence to support his claim, the Motion is GRANTED.

I.  INTRODUCTION

In 2006, Plaintiff Melvin D. Watson was incarcerated in the Sangamon County Jail.  A search of the Sangamon County Circuit Court website shows that on June 14, 2006, Plaintiff was sentenced to 180 days in the County jail commencing April 16, 2006.  See

www.sangamoncountycircuitclerk.org; see also In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court docket); Person Booking History Report, d/e 72-3.  Plaintiff was released June 29, 2006.  Id.

While in the Sangamon County Jail, Plaintiff was attacked by two other inmates.  Plaintiff does not know the date the attack occurred although the Jail records show it occurred on June 27, 2006.  Plaintiff brought an action under 42 U.S.C. § 1983 against Sheriff Williamson and unknown correctional officers alleging that the Defendants failed to protect him from the attack.

## II.  PROCEDURAL BACKGROUND

Plaintiff originally filed suit in March 2008.  In April 2010, Plaintiff voluntarily dismissed his suit without prejudice.

In April 2011, Plaintiff refiled his Complaint against Sheriff Williamson and unknown correctional officers of the Sheriff's Department.  See d/e 1.  In Count I, brought pursuant to § 1983, Plaintiff alleged that Sheriff Williamson, acting in his official capacity,

"engendered and promulgated a policy of deliberate indifference to avoiding harm and damages to inmates under [his] care, supervision, custody, and control." Cmplt., d/e 1, Count I, ¶ 5. Plaintiff also alleged that the unknown correctional officers failed to prevent Plaintiff from being attacked by other inmates when the correctional officers knew or should have known that the attack was impending. Id. at ¶4. In Count II, titled "Assault and Battery," Plaintiff alleged that Defendants permitted Plaintiff's assault when they knew, or should have known, the assault and injuries would take place. Id. at Count II, ¶ 11.

In December 2012, Defendant filed a Motion for Summary Judgment. See d/e 30. After the Motion was fully briefed, Plaintiff sought leave to add additional defendants. See d/e 37. The Court granted Plaintiff leave to add additional defendants but explicitly noted that the Court was not deciding whether the claims related back to the original pleading and that the defendants could raise the statute of limitations as a defense. See February 27, 2013 Text Order.

On March 5, 2013, Plaintiff filed an Amended Complaint adding

10 additional defendants.  See d/e 40.  In the Amended Complaint, Plaintiff alleges that, on or about July 11, 2006, Plaintiff was assaulted by two inmates.  Count I, brought pursuant to 42 U.S.C.. § 1983, alleges that Sheriff Williamson, in his official capacity, "engendered and promulgated a policy of deliberate indifference to avoiding harm and damages to inmates under [his] care, supervision, custody, and control." Cmplt., d/e 40, ¶ 5.  In Counts II through XII, Plaintiff alleged § 1983 claims against each of the named correctional officers for failing to protect Plaintiff from being physically attacked by two other inmates when the correctional officers knew, or should have known, the attack was impending and for failing to prevent the attack.

After Plaintiff filed the Amended Complaint, the Court denied Defendant's Motion for Summary Judgment without prejudice and with leave to refile once the issues relating to the addition of the new defendants was resolved.  See March 13, 2013 Text Order.

In April 2013, seven of the new Defendants filed a Motion to Dismiss on the ground that the claims were barred by the statute of

limitations and did not relate back to the filing of the original complaint. See d/e 65.  The Court agreed and dismissed the claims against the seven Defendants.  See Opinion, d/e 70.  On July 12, 2013, Plaintiff conceded that, pursuant to the Court's July 3, 2013 Opinion, the remaining Defendants should also be dismissed with prejudice even though they had not yet been served.  See Status Report, d/e 71.

Therefore the only remaining count in the Amended Complaint is Count I against Sheriff Williamson in his official capacity.  On July 29, 2013, Sheriff Williamson filed a renewed Motion for Summary Judgment (d/e 72).

### III.  LEGAL STANDARD

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A moving party must show that no reasonable factfinder could return a verdict for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Gleason v. Mesirow Fin., Inc., 118 F.3d 1134, 1139 (7th

Cir. 1997).

Because Plaintiff bears the ultimate burden of persuasion, Sheriff Williamson does not need to support his motion with evidence negating Plaintiff's claim. <u>Modrowski v. Pigatto</u>, 712 F.3d 1166, 1168 (7th Cir. 2013), citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Instead, Sheriff Williamson need only point out the absence of evidence to support the Plaintiff's case. <u>Id.</u> Plaintiff must then come forward with admissible evidence from which a jury could find in his favor. <u>Id.</u>

When ruling on a motion for summary judgment, the court must consider the facts in the light most favorable to the nonmoving party. <u>Woodruff v. Mason</u>, 542 F.3d 545, 550 (7th Cir. 2008). The court must draw all reasonable inferences in the nonmoving party's favor. <u>Id.</u>

### IV.  FACTS

The following facts are taken from Sheriff Williamson's Statement of Undisputed Facts, which Plaintiff has substantially admitted.

One day in 2006, while in the Sangamon County Jail, Plaintiff bickered with another inmate known as "Deeny Weeny." Plaintiff

testified that he did not know Weeny before he was incarcerated and does not know his given name.  Plaintiff does not recall what he and Weeny said to each other.  Plaintiff was not afraid of Weeny following the conversation.

After the conversation with Weeny, Plaintiff returned to his cell.  Plaintiff claims he tried to report the incident to one of the correctional officer to let "them" know what was going on.  Plaintiff could not recall the name of the officer he spoke to and could not describe the officer.

Plaintiff believes he reported to the correctional officer that Plaintiff had "words" and an "incident" with Weeny.  Plaintiff does not recall the specific words he relayed to the officer but stated that he essentially told the officer he had a "discrepancy" with Weeny.

Plaintiff was not crying or acting afraid when he spoke to the correctional officer.  Plaintiff admitted that he had no reason to be afraid of Weeny and Weeny had no reason to be afraid of Plaintiff.

After lunch, Weeny jabbed Plaintiff in the eye with a pencil.  Plaintiff was sent to St. John's Hospital and treated.

Plaintiff testified that he did not have an enemy list. No one else had ever assaulted Plaintiff while he was in the Sangamon County Jail, and he had not assaulted anyone while he was in the Sangamon County Jail. (Plaintiff made those statements during his deposition but the Court notes that the Jail records reflect a fight occurred between Plaintiff and inmate Lavanon Young on April 23, 2006. See Jail Incident Report d/e 72-3).

Terry Durr, the Jail Superintendent, reviewed the records relating to Plaintiff's incarceration. Based on those records, Plaintiff was involved in an altercation on June 27, 2006 with David Mercer and Lamont Shepard. (Nothing in the record indicates whether Mercer or Shepard were known as "Deeny Weeny." The records indicate that Lamont Shepard attacked Plaintiff. See d/e 72-3).

Durr asserts that, based on his review of the records and his discussions with individuals concerning the incident, jail staff were advised of the assault after it occurred. Durr did not find any documentation suggesting that Plaintiff made complaints about Mercer

or Shepard prior to the assault. Plaintiff admits these two facts but affirmatively asserts that he "gave notice." See Pl. Resp., p. 1 (response to paragraphs 62-67 of the Statement of Undisputed Facts).

Plaintiff provides additional facts in his Response to the Motion for Summary Judgment. Those facts include the following.

When asked what standards are in place to protect inmates from the attack of other inmates, Sheriff Williamson testified that "the jail standards and our policies call for the general welfare of the inmates under our custody." Pl. Fact No. 3; Williamson Dep. p. 6. Sheriff Williamson agreed that there is no policy that permits inmates to attack one another. Sheriff Williamson did not know anything about the attack in this case.

Durr, the Jail Superintendent, testified that he oversees the jail operations. The State of Illinois has regulations pertaining to the care and custody of prisoners. If an inmate tells a correctional officer that he is in fear of another inmate, the inmate is moved to a "segregated area until classification is done." Pl.'s Fact No. 9. "If there is aggression

between two inmates, one is ultimately changed to a different lock up area." Pl.'s Fact No. 8.  Finally, Durr testified that all of the reports by the officers on duty stated that they were never advised of any complaint by Plaintiff prior to the incident.

## V.  ANALYSIS

Because Plaintiff was incarcerated in the Sangamon County Jail after conviction and sentencing, his claim is governed by the Eighth Amendment.  See <u>Anderson v. Gutschenritter</u>, 836 F.2d 346, 348 (7th Cir. 1988) ("The Eighth Amendment right to be free from cruel and unusual punishment is applicable only to those criminals who are serving a sentence").  The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on prison officials to take reasonable measures to guarantee prisoners' safety.  <u>Santiago v. Walls</u>, 599 F.3d 749, 758 (7th Cir. 2010), citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).  This includes protecting prisoners from violence by other prisoners.  <u>Farmer</u>, 511 U.S. at 833.

This does not mean, however, that prison officials are liable every

time one inmate injures another.  <u>Farmer</u>, 511 U.S. at 834.  The Eighth Amendment is violated only where two elements are met.  First, the deprivation must be sufficiently serious.  <u>Id</u>.  When a plaintiff bases his claim on a failure to prevent harm, the plaintiff must show he was incarcerated under conditions that posed a substantial risk of serious harm.  <u>Id</u>.

Second, the plaintiff must show that the prison official was deliberately indifferent to the inmate's health or safety.  <u>Id</u>.  Specifically, the prison official must know of and disregard an excessive risk to inmate health or safety. <u>Id.</u> at 838.

In this case, the sole remaining claim is the failure to protect claim against Sheriff Williamson in his official capacity.  The claim against Sheriff Williamson in his official capacity is treated as a claim against Sangamon County.  See <u>Grieveson v. Anderson</u>, 538 F.3d 763, 771 (7th Cir. 2008).

Local government units cannot be held vicariously liable under § 1983 for the acts of their employees based on respondeat superior

liability.  Phelan v. Cook County, 463 F.3d 773, 789 (7th Cir. 2006). Instead, local government units are liable only where an official policy or custom causes the constitutional violation.  Monell v. Dept. of Social Servs. of the City of New York, 436 U.S. 658, 691 (1978).

In his Motion for Summary Judgment, Sheriff Williamson argues that Plaintiff has no evidence to support his Monell claim.  Sheriff Williamson asserts that Plaintiff has no evidence that he was deprived of a constitutional right or that the deprivation occurred pursuant to a custom, policy, or practice of the local government unit.

To survive summary judgment, Plaintiff must present evidence of an express policy, a widespread practice or custom, or a deliberate act by a person with final policy-making authority.  See Grieveson, 538 F.3d at 771; Palmer v. Marion County, 327 F.3d 588, 594-95 (7th Cir. 2003). In addition, Plaintiff must show that the official policy or custom was the cause of the alleged constitutional violation.  Grieveson, 538 F.3d at 771.

Plaintiff has pointed to no such evidence.  Plaintiff concedes that

he has the burden of establishing a constitutional violation and, because he cannot, there can be no claim against the County under Monell.  See Resp., d/e 76, p. 4 ("Because the Plaintiff cannot establish an underlying violation of his constitutional rights, there can be no claim against the County pursuant to a Monell claim"); see also Houskins v. Sheahan, 549 F.3d 480, 493-94 (7th Cir. 2008) (finding, on summary judgment, that the claim against the Sheriff under Monell failed where the plaintiff failed to establish she was deprived of a constitutional right).

 Moreover, Plaintiff has not identified an express policy that caused his injury, submitted evidence of a custom or practice that caused the alleged constitutional violation, or submitted evidence that a policymaker deprived him of his constitutional rights.  See, e.g.,  Klebanowski v. Sheahan, 540 F.3d 633, 637 (7th Cir. 2008) (affirming summary judgment where the plaintiff failed to submit evidence of an express policy, the existence of a widespread practice, or evidence that a policymaker caused the circumstances of which the plaintiff complained).

 In his Response, Plaintiff appears to recognize that he failed to

provide such evidence.  Plaintiff nonetheless asks the Court to deny summary judgment, asserting that "an exception should be carved in the doctrine of Monell based on the circumstances of this case."  Resp., d/e 76, p. 5.  However, Plaintiff does not explain what that exception should be or the basis for such an exception.  Therefore, Plaintiff has forfeited this issue.  Moreover, the Court cannot find any authority for carving out an exception to Monell based on the facts of this case.

## VI.  CONCLUSION

For the reasons stated, Defendant Neil Williamson's Motion for Summary Judgment (d/e 72) is GRANTED.  The Clerk of the Court is DIRECTED to enter judgment in favor of Defendant and against Plaintiff.  CASE CLOSED.

ENTER: January 3, 2014

FOR THE COURT:

s/Sue E. Myerscough  
SUE E. MYERSCOUGH  
UNITED STATES DISTRICT JUDGE